UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
GLORIA MOULTRIE,

                    Plaintiff,

              -against-

**MEMORANDUM AND ORDER**
08-CV-0457 (DLI)(RML)

VIP HEALTH CARE SERVICES,
STATIONARY ENGINEERS LOCAL 670
AFL-CIO, DALLAS LUCAS, PRESIDENT
STATIONARY ENGINEERS LOCAL 670, AND
CINDY ROSEN, MANAGER VIP HEALTH
CARE SERVICES,

                    Defendants.
------------------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

On February 1, 2008, Gloria Moultrie initiated this action against her employer, VIP Health Care Services ("VIP"), a manager at VIP, Cindy Rosen, her employment union, Stationary Engineers Local 670 of the AFL-CIO ("Local 670"), and the president of Local 670, Dallas Lucas. The facts and procedural history underlying this matter were discussed at length in the court's March 19, 2009 Memorandum & Order, *Moultrie v. VIP Health Care Servs.*, 2009 WL 750219 (E.D.N.Y. Mar. 19, 2009), granting VIP's and Rosen's motion to dismiss the complaint as against them. The reader's familiarity therewith is presumed.

On June 4, 2009, Local 670 and Lucas moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, the motion is granted and the complaint is dismissed in its entirety.

**DISCUSSION**

**I. Standard of Review**

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). The standard of review applied to motions under Rule 12(c) is the same applied to motions to dismiss under Rule 12(b)(6). *Katz v. Image Innovation Holdings, Inc.*, 542 F. Supp. 2d 269, 271 (S.D.N.Y. 2008) (citing *Cleveland v. Caplaw Enters.,* 448 F.3d 518, 521 (2d Cir. 2006)). In resolving either type of motion, the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court set forth the requirement that a plaintiff plead enough facts to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted). To be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Second Circuit has interpreted *Twombly* to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).[1]

---

[1] The court takes judicial notice of plaintiff's EEOC filing, a matter outside the pleadings, and therefore need not convert the motion to one for summary judgment. *See* FED. R. CIV. P. 12(d).

## II. Application

   A. <u>Title VII Discrimination Claims</u>

It is well-settled that there is no individual liability under Title VII. *See, e.g.*, *Patterson v. County of Oneida*, 375 F.3d 206, 221 (2d Cir. 2004). Therefore, plaintiff's Title VII claim against Lucas is dismissed.

Turning to plaintiff's Title VII claims against Local 670, before filing a Title VII claim in federal court, a plaintiff must first exhaust all administrative remedies by, *inter alia*, raising the claim in an EEOC charge which names the defendant. *See e.g., Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 82-83 (2d Cir. 2001) (citing *Francis v. City of New York*, 235 F.3d 763, 768 (2d Cir. 2000)). Plaintiff acknowledges that she failed to name Local 670 in her EEOC filing. Plaintiff argues, however, that the court should excuse this failure by applying the "identity of interest" exception, which "permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed party and the party named in the administrative charge." *Johnson v. Palma*, 931 F.2d 203, 209 (2d Cir. 1991). Even if there was an identity of interest between Local 670 and VIP, plaintiff's Title VII claim must still be dismissed because, as this court previously determined, plaintiff failed to raise Title VII claims in her EEOC filing. *See Moultrie*, 2009 WL 750219, at *3 (plaintiff's EEOC filing did not indicate that she was subjected to race or national origin discrimination, nor were such allegations reasonably related to the allegations raised in her EEOC filing).

Moreover, even if plaintiff had exhausted her Title VII claims, her complaint fails to make a prima facie claim of race or national origin discrimination against Local 670. *See id.* at *4 ("the fact that on a single occasion plaintiff's supervisor, a Jamaican, replaced plaintiff as an aid to a specific VIP client with another Jamaican employee, is far from sufficient to support an

inference of race or national origin discrimination"). Accordingly, plaintiff's Title VII claim against Local 670 is dismissed.

B. ADEA Claims

As with Title VII, there is no individual liability under the ADEA. *Fox v. State Univ. of N.Y.*, 497 F. Supp. 2d 446, 449 (E.D.N.Y. 2007) (citations omitted). Therefore, plaintiff's ADEA claim against Lucas is dismissed.

Regarding the ADEA claims against Local 670, plaintiff must have first exhausted all her administrative remedies. *Holtz*, 258 F.3d at 82-83 (citations omitted). Plaintiff again acknowledges the fact that she failed to name Local 670 in her EEOC filing, and again argues that the court should apply the "identity of interest" exception. Much like her Title VII claims, however, the court has already ruled that plaintiff's ADEA claims were not raised in her EEOC filing. *See Moultrie*, 2009 WL 750219, at *5 (plaintiff did not indicate in her EEOC filing that she was bringing a claim under the ADEA, did not allege age discrimination in her EEOC filing, nor is the claim of age discrimination reasonably related to the EEOC filing). Accordingly, even if there was an identity of interest between Local 670 and VIP, plaintiff's ADEA claim against Local 670 must be dismissed.

In addition to plaintiff's failure to exhaust her administrative remedies, plaintiff's pleadings do not make out a prima facie claim of discrimination under the ADEA. *See Moultrie*, 2009 WL 750219, at *5 ("Here, plaintiff's EEOC filing, pleadings, and reply brief do not describe any acts related to her age or any acts from which age discrimination may be inferred. In fact, plaintiff did not even mention her age, the age of any of her co-workers, or the age of any of her supervisors in either her complaint or reply brief."). Accordingly, plaintiff's ADEA claim against Local 670 is dismissed.

C. ADA Claims

As is the case with both Title VII and the ADEA, the ADA does not provide individual liability. *Fox*, 497 F. Supp. 2d at 449 (citations omitted). Therefore, plaintiff's ADA claim against Lucas is dismissed.

Regarding plaintiff's claim against Local 670, "the complaint is completely devoid of *any* allegation of disability discrimination." *Moultrie*, 2009 WL 750219, at *6 (emphasis added). "The closest the complaint comes to mentioning disability discrimination concerns the allegation that, sometime in 2000, [plaintiff's] employer required [her] to wash floors and clean laundry twice a week." *Id.* Even if this instance was sufficient to state a claim under the ADA, it occurred approximately five years before plaintiff's August 18, 2005 EEOC filing, and is therefore well outside the three-hundred-day statute of limitations period. Moreover, because plaintiff fails to allege any discriminatory acts within the limitations period, the continuing violation doctrine is inapplicable. *See Miller v. New York City Health & Hosp. Corp.*, 2004 WL 1907310, at *3 (S.D.N.Y. Aug. 25, 2004) ("The 'continuing violation' doctrine holds that an act that occurs within 300 days of an EEOC charge may implicate—and therefore make timely—incidents otherwise outside of the mandatory filing deadlines.") (citations omitted). Accordingly, plaintiff's ADA claim against Local 670 is dismissed.

D. Section 1981 Claims

1. Section 1981 Racial Discrimination Claim

Against Lucas, plaintiff alleges race discrimination pursuant to 42 U.S.C. § 1981. Section 1981 claims have a four-year statute of limitations. 28 U.S.C. § 1658; *see also Bacon v. Suffolk Legislature*, 2007 WL 2288044, at *6 (E.D.N.Y. Aug. 8, 2007) (citations omitted). Plaintiff filed her complaint on February 1, 2008. However, the complaint fails to allege any

5

racial discrimination on or after February 1, 2004. *See Moultrie*, 2009 WL 750219, at *6-7 ("Beyond vague allegations of race discrimination occurring sometime between 1995 and 2000, however, the complaint is completely silent as to any acts of race discrimination occurring on or after February 1, 2004."). The continuing violation doctrine is inapplicable for that reason. *See Miller*, 2004 WL 1907310, at *3. Accordingly, plaintiff's § 1981 racial discrimination claim against Lucas is dismissed.

### 2. Section 1981 Duty of Fair Representation Claims[2]

Plaintiff argues that Lucas and Local 670 breached their duty of fair representation by discriminating against her on the basis of her age, disability, race and national origin in violation of § 1981. Claims for a breach of the duty of fair representation under § 1981 have a four-year statute of limitations. 28 U.S.C. § 1658; *see also Nweke v. Prudential Ins. Co. of Am.*, 25 F. Supp. 2d 203, 219 (S.D.N.Y. 1998) (statute of limitations under § 1981 controls in a suit for breach of fair representation claim); *Morris v. Ford Motor Co.*, 2009 WL 2448473, at *5 (W.D.N.Y. Aug. 7, 2009) (relying on *Nweke* to apply ADA statute of limitations). The complaint is devoid of any acts of age, disability, race or national origin discrimination occurring on or after February 1, 2004. For this reason, the continuing violation doctrine does not salvage plaintiff's claim. *See Miller*, 2004 WL 1907310, at *3. Accordingly, plaintiff's § 1981 claims for violating the duty of fair representation are dismissed.

---

[2] In her memorandum filed in response to the instant motion, plaintiff asserts that her fifth claim "is not a fair representation claim, but a discrimination claim against the Union, under Title VII." (Pl.'s Opp'n at 29.) Such an assertion renders this claim entirely duplicative of plaintiff's first claim, which the court dismissed in part II.A, *supra*. For the sake of completeness, the court addresses the fifth claim as it appears in the complaint, *i.e.*, as a breach of the defendants' duty of fair representation in violation of § 1981.

E. Intentional Infliction of Emotional Distress ("IIED") Claims

New York law provides a one-year statute of limitations for claims of IIED. N.Y.C.P.L.R. § 215(3); *see also Mariani v. Consolidated Edison Co.*, 982 F. Supp. 267, 273 (S.D.N.Y. 1997). Here, plaintiff filed her complaint on February 1, 2008. However, plaintiff has not alleged any acts that occurred on or after February 1, 2007. Therefore, her IIED claims against Local 670 and Lucas fail to meet the applicable statute of limitations.

Plaintiff asks that the court toll the statute under the continuing wrong theory. In order to do so, however, plaintiff must have alleged "acts within the statute of limitations . . . sufficient to make out a claim for [IIED], independent of those acts that are part of the offending course of conduct" that occurred outside the statute of limitations. *Mariani*, 982 F. Supp. at 273-74 (internal citations and quotation marks omitted). Here, the latest acts mentioned in plaintiff's complaint occurred sometime in 2004, none of which relate to her IIED claims. The continuing wrong theory is, therefore, inapplicable and plaintiff's IIED claims against Local 670 and Lucas are dismissed.

## CONCLUSION

Based on the foregoing, plaintiff's claims against defendants Local 670 and Lucas are dismissed in their entirety.


SO ORDERED.

DATED:    Brooklyn, New York
            March 17, 2010

                                                      /s/
                                          DORA L. IRIZARRY
                                      United States District Judge